652 A.2d 417

Donald M. CARROLL, Jr., Secretary of Education, Appellant

v.

RINGGOLD EDUCATION ASSOCIATION, an unincorporated association, and Ringgold School District, and Ringgold Board of School Directors.

Commonwealth Court of Pennsylvania.

Argued Nov. 21, 1994.

Decided Nov. 30, 1994.

Publication Ordered Dec. 20, 1994.

Jeffrey F. Champagne, Abigail A. Tierney and Virginia L. Breighner, for appellant.

Ronald Watzman and James A. Flaherty, for appellees.

KELLEY, Judge.

Presently before this court for disposition is an application for relief filed by the Secretary of Education (Secretary) seeking an order directing the Court of Common Pleas of Washington County (trial court) to entertain the Secretary's request for an injunction requiring that students in the Ringgold School District receive the education mandated by the Public School Code of 1949 [1] (Public School Code).

The facts surrounding the Secretary's need to file an application for relief with this court, as set forth in the Secretary's application, are as follows.

The collective bargaining agreement between the Ringgold School District (School District) and the Ringgold Education Association (Association) expired on August 31, 1993. Therefore, the 1993–94 school year began without a collective bargaining agreement.

The Association commenced a strike on February 9, 1994 that ended upon the Association's return to work on February

1. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101—27–2702.

11, 1994, under a written agreement to continue the same terms and conditions of the expired agreement and submission to non-binding arbitration. A second strike by the Association commenced on May 25, 1994.

On June 7, 1994, the Secretary of Education filed a complaint in equity and a petition for preliminary injunction in the trial court at Docket No. 94–2924 seeking an injunction compelling the Association to return to work and the School District to schedule the requisite number of school days in order to ensure that the school children of the School District received 180 days of instruction before June 30, 1994. The trial court granted the Secretary's request by order issued on June 7, 1994. This order granting the requested injunctive relief was not appealed to this court.

On June 7, 1994, immediately after granting the injunctive relief to the Secretary, the trial court issued a second order which repeated, verbatim, the order granting the injunction, but with added language compelling the School District and the Association to engage in court-monitored bargaining. The School District filed an appeal of the trial court's second order dealing with the court supervised bargaining to this court on June 8, 1994 at Docket No. 1486 C.D. 1994. Oral argument regarding the propriety of the June 7, 1994 bargaining order was heard by this court *en banc* on November 2, 1994. A decision has not yet been rendered by this court regarding the propriety of the June 7, 1994 bargaining order.

At the start of the 1994–95 school year, negotiations between the Association and the School District had not resulted in a new collective bargaining agreement; therefore, the Association commenced a strike on September 26, 1994. On November 10, 1994, the Secretary filed a complaint in equity and a petition for preliminary injunction with the trial court at Docket No. 94–5799 seeking an injunction compelling the Association to return to work and the School District to schedule the requisite number of school days in order to ensure that the school children received 180 days of instruction before June 30, 1995.

By memorandum opinion and order dated November 17, 1994, the trial court declined to issue the requested injunction on the basis that the trial court lacked jurisdiction to enter such an injunction when the previous 1993–94 school year's strike litigation was currently on appeal before this court. Accordingly, the trial court characterized the Secretary's complaint in equity and petition for injunctive relief as additional pleadings in the matter currently on appeal before this court at Docket No. 1486 C.D.1994.

As a result of the trial court's decision, the Secretary filed the instant application for relief and an application for expedited consideration with this court on November 18, 1994. In addition, the Secretary filed an appeal of the trial court's November 17, 1994 order with this court.[2]

The Secretary's application for expedited consideration was granted by order of this court dated November 18, 1994. Argument on the Secretary's application for relief was heard by this court on November 21, 1994 via telephone conference call. Participating in the telephone conference call were counsel on behalf of the Secretary, the School District, and the Association. Counsel for the respective parties informed the court that a tentative agreement had been reached between the School District and the Association and that the striking teachers had returned to the classroom to resume their teaching duties. Therefore, counsel for the Association indicated

2. The Secretary indicated to this court that it filed a separate appeal of the trial court's November 17, 1994 order as it was unclear whether the trial court had consolidated the two actions and due to the trial court's indicated belief that the current controversy is part of the case docketed in this court at 1486 C.D.1994. The case at Docket No. 1486 C.D.1994 is the appeal to this court regarding the 1993–94 school year strike litigation (trial court Docket No. 94–2924). The action filed by the Secretary with the trial court on November 10, 1994 was assigned Docket No. 94–5799 by the trial court.

It appears to this court that the matters involved in the appeal before this court at Docket No. 1486 C.D.1994 are separate and distinct from the matters raised by the Secretary's appeal of the trial court's November 17, 1994 order. Accordingly, the Chief Clerk of this court has assigned the Secretary's appeal of the trial court's November 17, 1994 order Docket No. 2956 C.D.1994 and the matter will not be consolidated with the appeal at Docket No. 1486 C.D.1994 currently pending before this court.

that the Association had no opposition to the Secretary's requested relief as stated in the application for relief. Counsel for the Association also stated that the teachers would not strike for the remainder of the 1994–95 school year but conceded that the Secretary had no other assurance that the teachers would not strike.

■ This court now turns to the question of whether the trial court has jurisdiction to entertain the Secretary's request for an injunction compelling the Association to return to work for the 1994–95 school year when the previous school year's strike litigation is currently on appeal to this court.

The Constitution of this Commonwealth mandates that the General Assembly shall provide for the maintenance and support of a thorough and efficient system of public education to serve the needs of the Commonwealth. Pa. Const. art. III, § 14. In order to comply with this mandate, the General Assembly enacted the Public School Code which, *inter alia,* sets the minimum number of days of instruction for the benefit of the students.[3] Section 1501 of the Public School Code provides that "all public kindergartens, elementary and secondary schools shall be kept open each school year for at least one hundred eighty (180) days of instruction for pupils." 24 P.S. § 15–1501.

To assure that the students of this Commonwealth would be provided with the required 180 days of instruction during a work stoppage by an employee organization, the General Assembly amended the Public School Code by adding provisions regarding collective bargaining.[4] These added provi-

3. In *Upper Bucks County Vocational–Technical School Education Association v. Upper Bucks County Vocational–Technical School Joint Committee,* 504 Pa. 418, 474 A.2d 1120 (1984), our Supreme Court held that the sole purpose of the requirement that schools provide 180 days of instruction per calendar year is to benefit the students of the Commonwealth rather than the teachers.

4. Our Supreme Court recently addressed the issue of whether the legislature may, consistent with art. II, § 14 of the state constitution, permit teachers to strike at all. *See Reichley by Wall v. North Penn School District,* 533 Pa. 519, 626 A.2d 123 (1993). In holding that the legislature may permit teachers to strike, the Supreme Court quoted the

sions are commonly referred to as Act 88.[5]

Pursuant to section 1161–A of Act 88, when an employee organization is on strike for an extended period that would not permit the school entity to provide the period of instruction required by section 1501 of the Public School Code by June 30, the Secretary of Education may initiate, in the appropriate county court of common pleas, appropriate injunctive proceedings providing for the required period of instruction. 24 P.S. § 11–1161–A.

The Secretary argued before the trial court that the provisions of Act 88 start anew with each successive school year. The trial court rejected the Secretary's argument opining that to accept such an argument would result in the School District and the Association being required to perform all of the steps as provided in Act 88 on an annual basis. This would include, the trial court pointed out, a first strike with time limits, fact-finding, last best offer arbitration, a second strike and then the authority of the Secretary to challenge under section 1161–A.

The trial court found that Act 88 does not provide for starting over on an annual basis in the same contract dispute when the parties have already complied with the provisions of

following language from one of its previous decisions, *Teachers' Tenure Act Cases*, 329 Pa. 213, 197 A. 344 (1938):

When the people directed through the Constitution that the General Assembly should 'provide for the maintenance and support of a thorough and efficient system of public schools,' it was a positive mandate that no legislature could ignore. The power over education is an attribute of government that cannot be *legislatively* extinguished....

... The people have directed that the cause of public education cannot be fettered, but must evolute [sic] or retrograde with succeeding generations as the times prescribe. Therefore, all matters, whether they be contracts bearing upon public education, or legislative determinations of school policy or the scope of education activity, *everything directly related to the maintenance of a "thorough and efficient system of public schools," must at all times be subject to future legislative control....*

*Reichley by Wall*, 533 Pa. at 526, 626 A.2d at 127 (quoting *Teachers' Tenure Act Cases*, 329 Pa. at 224–26, 197 A. at 352–53. (Emphasis added.)

5. Act of July 9, 1992, P.L. 403, 24 P.S. §§ 11–1101–A—11–1172–A.

Act 88. However, the trial court reasoned that if section 1161–A could be severed from the rest of Act 88, the Secretary of Education may have standing to file an injunction request in every calendar year for as long as the contract dispute exists.

■ This court believes that pursuant to sections 1501 and 1161–A of the Public School Code, the Secretary does have standing to file an injunction request in each successive school year for as long as a contract dispute may exist. Section 1501 requires a *minimum* of 180 days of instruction for *each* school year for the students of this Commonwealth. As pointed out previously in this opinion, this is for the benefit of the students not the teachers.

When the General Assembly, enacted Act 88 to include a provision which would ensure that the students of this Commonwealth be provided with the period of instruction required by section 1501 by June 30 during a work stoppage, it provided a mechanism that must be able to be utilized for each successive school year. To find otherwise would defeat the constitutional mandate provided by art. III, § 14 of our state constitution.

Permitting the Secretary to only obtain injunctive relief pursuant to section 1161–A during the initial school year that a contract dispute arises would result in an inefficient system of public education as there would be no mechanism to force the teachers back into the classrooms. Students all over the Commonwealth would never be assured of a minimum of 180 days of instruction during any successive school year after the initial school year in which a work stoppage occurs due to an ongoing contract dispute. An illogical and intolerable condition given the non-recoverable instruction time for the children of this Commonwealth.

Accordingly, this court holds that section 1161–A of the Public School Code as added by the enactment of Act 88 may be utilized by the Secretary of Education for each successive school year regardless of whether or not a contract dispute which occurred in the previous school year has been resolved.

Therefore, the trial court had jurisdiction to entertain the Secretary's request for injunctive relief for the 1994–95 school year pursuant to section 1161–A regardless of the fact that the previous 1993–94 school year's strike litigation is on appeal before this court.

This matter is remanded to the trial court with the instruction to entertain the Secretary's complaint in equity and petition for preliminary injunction pertaining to the 1994–95 school year if the need so arises as it is this court's understanding that the teachers have returned to instruction for the time being.

## ORDER

NOW, this 30th day of November, 1994, after argument on the application for relief filed by the Secretary of Education, it is hereby ORDERED that said application is GRANTED. It is further ORDERED that this matter is remanded to the Court of Common Pleas of Washington County with instructions to entertain the Secretary of Education's complaint in equity and petition for preliminary injunction pertaining to the 1994–95 school year if the need so arises.

Jurisdiction relinquished.